Charles F. ZIMMER, Plaintiff,

v.

Edwin W. EDWARDS et al., Defendants–Appellees,

v.

Stewart MARSHALL, Plaintiff–Intervenor–Appellant.

No. 79–1987.

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1980.

As Modified on Denial of Rehearing and Rehearing En Banc Jan. 12, 1981.

Stanley A. Halpin, Jr., R. James Kellogg, New Orleans, La., for plaintiff–intervenor–appellant.

George F. Fox, Jr., Lake Providence, La., for defendants–appellees.

Before CHARLES CLARK, TJOFLAT, and GARZA, Circuit Judges.

PER CURIAM:

This reapportionment case is again before us, and again, we must reverse the decision of the trial judge.

The facts and litigation history of this case are described in *Marshall v. Edwards*, 582 F.2d 927 (5th Cir. 1978). That panel reversed the decision of the district judge, ordering a judicial reapportionment plan for this same parish. Judge Wisdom stated:

> The district judge must be mindful of the impact of the proposed plans on different racial groups. His duty to avoid both gerrymanders and racial dilution requires that much. The judge must analyze the plan and determine that the probable results are such that minority strength is not diluted. But this legitimate concern with the outcome cannot justify a strict proportionality brought about by manipulation of district lines. If the plan passes the dilution test, as explained in *Zimmer* [*v. McKeithen*, 5 Cir. 1973, 485 F.2d 1297], *Kirksey* [*v. Board of Supervisors of Hinds County*, 5 Cir. 1977, 554 F.2d 139], and *Nevett v. Sides*, 5 Cir. 1978, 571 F.2d 209, race is no longer an important factor. The boundaries should be drawn with an eye to compactness, contiguousness, and the preservation of natural, political, and traditional boundaries; *not* racially balanced representation.

*Id.* at 937 (emphasis in original).

On remand, the trial judge again adopted a plan proposed by the East Carroll Parish Police Jury and School Board instead of a plan proposed by Marshall. Marshall claims that the plan adopted by the court exceeds de minimis population deviations and minimizes black voting strength. As in our prior decision, we do not consider this latter claim.

Under the standards set out in our prior opinion, the plan adopted is a judicial plan that was adopted to reach an improper goal. *See Marshall*, 582 F.2d at 938 n.11. At oral argument Marshall suggested that the remedy in this case should take into account the results of the 1980 census. We agree. On remand, the trial judge should evaluate any plans submitted in light of the 1980 census results, devise its own plan or order new plans to be developed if necessary, and adopt or approve a plan following the instructions in our prior mandate, 582 F.2d 927 (5th Cir. 1978). Specifically, the trial judge should avoid approving a plan that has odd–shaped districts (such as district five in the plan adopted by the Parish Police Jury and School Board) that are explainable only in terms of racial proportionality.[1]

The judgment of the trial court is reversed, and the cause remanded for further proceedings.

REVERSED and REMANDED.

---

1. For this case, the dilution test as explained in *Zimmer v. McKeithen*, 485 F.2d 1297, 1305 1306 (5th Cir. 1973), is still authoritative after *City of Mobile, Alabama v. Bolden*, 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980). Cf. *Kirksey v. City of Jackson, Mississippi*, 625 F.2d 21 (5th Cir. 1980).